

United States Courts
Southern District of Texas
FILED

MAY 22 2003

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JESSICA NIAMA, | § | |
| Plaintiff, | § | |
| v. | § | CAUSE NO. C-03-192 |
| BPU REYNOLDS, INC., a foreign corporation and VESCOM CORPORATION, a Maryland Corporation, | § | |
| Defendants. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

1. Plaintiff, Jessica Niama, brings the following claims against Defendant Alcoa, Inc. and Vescom Corporation:

### PARTIES

2. Plaintiff, Jessica Niama, is an adult female individual and a citizen of the United States who currently is a resident of Rockport, Aransas County, Texas.

3. Defendant, BPU Reynolds, Inc., is a foreign corporation licensed to do business in the State of Texas. Service of process on this Defendant can be completed by serving its registered agent, John L. Collins, 700 Louisiana St., Ste. 3850, Houston, Texas 77002.

4. Defendant, Vescom Corporation, is a Maryland corporation licensed to do business in the State of Texas. Service of process on this Defendant can be completed by serving its registered agent, Corporation Service Company d/b/a CSC, 800 Brazos St. Ste. 750, Austin, Texas 78701.

## JURISDICTION AND VENUE

5.  This court has jurisdiction because the controversy presented involves a federal question arising under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000 *et seq.*). In addition, all administrative prerequisites to filing suit have been satisfied.

6.  Venue is proper in this court pursuant to 28 U.S.C. § 1391 (a)(1) because Defendants BPU Reynolds, Inc. ("Reynolds") and Vescom Corporation hold their principal places of business in this judicial district and the events giving rise to these claims occurred in this District.

## FACTS

7.  Ms. Jessica Niama was working full-time as a security guard/EMT for Defendant Vescom Corporation who was hired by Defendant Reynolds. Ms. Niama was hired in June, 2001 and fired in January, 2003.

8.  Ms. Niama was required to abide by Reynolds' standards of employee conduct.

9.  Reynolds exercised control over the manner and details of Ms. Niama's and her co-workers employment duties.

10. Ms. Niama's job duties included responding to on-the-job injuries, searching employees' lunch boxes, ensuring that no improper items enter or leave the premises, ensuring that all employees entered the facility with their safety gear and, acting as a mediator between the dock foremen and the different ships' pilots. Plaintiff's other duties included enforcing Reynolds' safety rules and attending Reynolds' emergency control team meetings and salary safety meetings.

11. During the course of employment Ms. Niama was the victim of numerous acts of gender-based harassment committed by the Defendant Reynolds' employees.

12. On or about November 16, 2002, during working hours on Reynolds' premises, Ms. Niama was sexually harassed by a co-worker, who cornered her in the front guard shack and then tried to prior her legs apart with his hands several times, in a sexually suggestive and offensive manner.

13. This sexual conduct was unwelcome and sufficiently severe enough to result in creating an discriminatory, intimidating, hostile work environment that altered the terms and conditions of Plaintiff's employment.

14. Ms. Niama was never provided with a sexual harassment reporting policy or procedure by Reynolds or Vescom.

15. Nevertheless, Ms. Niama reported the incident to Sergeant David Lopez and also to supervisor Jean Golder, both Vescom supervisors, shortly after the incident. Ms. Niama further reported the incident to Defendant Reynolds' Sergeant Danny Bickham. Her supervisors were informed that the employee's presence caused her distress and anxiety. No action was taking against the harasser.

16. Ms. Niama requested to change shifts so as to avoid further contact with her sexual harasser. Her request was denied.

17. Approximately two weeks after the incident, Ms. Niama was informed by an on-duty sergeant that the co-worker who harassed her would be coming to the guard shack for transportation to the medical department. Ms. Niama broke down and began crying because it would have been her responsibility to transport him and she feared being alone with this man.

18. Plaintiff complained of the sexual harassment and hostile work environment to the Texas Human Resource Commission and the Equal Employment Opportunity Commission ("EEOC"). Shortly thereafter, Plaintiff was terminated from employment.

19. As a consequence of the hostile working environment and discharge from her employment, Plaintiff suffered emotional distress and lost income.

20. Since the termination of her employment, she has been unable to obtain comparable employment in terms of pay and benefits. Ms. Niama seeks to recover lost wages and benefits, front pay in lieu of reinstatement, compensatory damages, costs and attorney's fees and prejudgment interest on all monetary awards.

## ADMINISTRATIVE PREREQUISITES

21. Plaintiff timely filed a charge of discrimination with the Texas Human Resource Commission and the Equal Employment Opportunity Commission.

## DISCRIMINATION CLAIMS AGAINST BPU REYNOLDS, INC. AND VESCOM CORPORATION FOR VIOLATION OF TITLE VII CIVIL RIGHTS ACT OF 1964, AS AMENDED (42 U.S.C. § 2000e-2 AND 2000e-3

22. Plaintiff, Jessica Niama adopts and realleges each paragraph set forth above.

23. At all times material to this action, Defendants, BPU Reynolds, Inc. and Vescom Corporation, employed greater than fifteen employees and were governed by Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e *et seq.*).

24. The actions, conduct and practices of Defendants complained of herein constitute purposeful discrimination against Plaintiff based upon her sex and retaliation for opposition to sex-based discrimination in violation of 42 U.S.C. §§2000e-2 and 2000e-3.

25. Defendants are strictly liable for the actions of its managers, and its other employees complained of herein, under the doctrine of respondeat superior because said actions were within the scope of their employment and because a tangible employment action has occurred as a result of defendants' illegal conduct.

26. The Defendants actions complained of herein were performed with malice or reckless indifference to and in knowing violation of reckless disregard of Plaintiff's federally protected rights.

27. Plaintiff has no adequate remedy at law for the harm she has suffered as a result of the discriminatory practices of Defendants set forth in this Complaint.

28. Defendants engaged in policies and practices which willfully, intentionally, and unlawfully discriminated against Plaintiff on the basis of her sex. These practices and policies include, but are not limited to terminating Plaintiff's employment and failing to offer her a transfer Defendants discrimination against Plaintiff Niama due to her sex (female) which is in direct violation of Title VII Civil Rights Act of 1964.

29. Plaintiff asserts that a causal connection exists between the sexual harassment, her complaints to the Defendants and the EEOC regarding the sexual harassment and her ultimate employment termination.

## JURY TRIAL DEMANDED

30. Plaintiff demands a trial by jury as to all matters permitted by law.

## RELIEF

WHEREFORE, PLAINTIFF PRAYS:

31. That the Court declare the employment practices complained of herein to be in violation of 42 U.S.C. §2000e et. Seq., and otherwise inculpatory and illegal;

32. That the Court order Defendants to cease the discriminatory and retaliatory practices enumerated herein and enjoin Defendant from engaging in further discrimination or retaliation against plaintiff because of her gender or her effort to stop Defendants' discriminatory practices;

33. That the Court order Defendants to rehire Plaintiff or alternatively award front pay in amounts to be determined by the jury;

34. That Plaintiff be awarded back pay, including prejudgment interest, and any other benefits or seniority to which she may have been entitled or which she may have lost as a result of the discrimination or retaliation against her.

35. That Plaintiff be awarded compensatory damages pursuant to 42 U.S.C. Section 1981a. has experienced shame, embarrassment and emotional distress.

36. That Plaintiff be awarded the costs of this action, including attorneys fees pursuant to 42 U.S.C. §2000e-5(k).

37. That Plaintiff be awarded such other relief as may appear to the Court to be just and proper.

Respectfully submitted,

_____
Jeffrey T. Embry
State Bar No. 24002052
Hossley ✶ Embry, L.L.P.
313 E. Charnwood St.
Tyler, Texas 75701
Telephone No. 903-526-1772
Telecopier No. 903-526-1773

ATTORNEY-IN-CHARGE
REPRESENTING PLAINTIFF